IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

PETER LEONHARDT,

        COMPLAINT

    Plaintiff,

        **JURY TRIAL DEMANDED**

v

        CASE NO. :

CARNIVAL CORPORATION, a Panamanian Company,
d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, PETER LEONHARDT, sues Defendant, CARNIVAL CORPORATION, a Panamanian Company, doing business in Florida as CARNIVAL CRUISE LINE ("CARNIVAL"), for damages and alleges:

**GENERAL ALLEGATIONS AS TO ALL CLAIMS**

1. This is an action in diversity pursuant to 28 U. S. C. section 1332 with damages in excess of $75,000.00, exclusive of costs, interest, and attorney fees.

2. Additionally, pursuant to the passenger ticket issued at the time of Plaintiff's cruise travel, Plaintiff must bring his claim in the United States District Court for the Southern District of Florida. Therefore, venue is proper in the United States District Court of the Southern District of Florida.

3. At all times material hereto, Plaintiff, PETER LEONHARDT, was and is a resident of the State of California.

4. At all times material hereto, Defendant, CARNIVAL is and was a Panamanian Corporation with it's principle place of business in the State of Florida.

5. Defendant, CARNIVAL'S registered agent in Florida is Arnaldo Perez, 3655 Northwest 87th Avenue, MLGL 815, Miami, Florida, 33178. Defendant, CARNIVAL, is presumed to be doing business within the State of Florida pursuant to Florida Statue section 48.183 (1).

6. Plaintiff's has satisfied all conditions precedent prior to filing his claim.

7. On or about April 5, 2009, the Plaintiff boarded the Defendant's cruise ship, Splendor of the Seas.

8. On or about April 10, 2009, the Plaintiff slipped and fell on a transitory substance while entering an elevator in a close proximity to the pool area on deck nine. Plaintiff suffered a significant fracture of his tibial plateau as a result of the fall.

9. On April 10, 2009, Defendant, CARNIVAL, had exclusive dominion, possession, and control of the premises of the cruise ship, SPLENDOR of the SEAS.

## COUNT ONE
## NEGLIGENCE AGAINST DEFENDANT, CARNIVAL

Plaintiff realleges each and every allegation contained in the general allegations as if fully set forth herein and states:

10. On or about April 10, 2009, Defendant, CARNIVAL, negligently and carelessly maintained the premises onboard the cruise ship, SPLENDOR of the SEAS, creating unsafe conditions for it's passengers.

11. Defendant, CARNIVAL, owed a duty of care to it's cruise ship passengers.

12. Defendant, CARNIVAL, by and through it's agents, employees, and/ or servants, breached it's duty of care to Plaintiff and was negligent in one or more of the following ways:

    A) Failing to have a reasonable mode of operation in place at the time of Plaintiff's fall to inspect, discover, and correct dangerous and hazardous conditions;

  B) Failing to place adequate warning signs around the area near the elevators where the slip and fall occurred specifically warning of the danger Plaintiff encounter;

  C) Failing to properly supervise and maintain the area where the slip and fall occurred;

  D) By allowing the elevator that was in close proximity to the main pool on deck nine to be negligently constructed and maintained so as to cause passengers to have slip and falls.

13. Defendant, CARNIVAL, had a duty to maintain the area by the elevator which was in close proximity to the main pool on deck nine on the SPLENDOR of the SEAS in a reasonably safe and proper condition for a class of passengers of which Plaintiff was a member.

14. Defendant, CARNIVAL, was negligent in creating or permitting the after mentioned dangerous and hazardous condition to remain upon the vessel, rendering said area dangerous and unsafe for Plaintiff.

15. Defendant, CARNIVAL, either knew, or with the exercise of reasonable care should have known, of the existence of the dangerous condition in the elevator which was in close proximity to the main pool on deck nine, and should have taken steps to warn Plaintiff of the existence of the condition.

16. Defendant, CARNIVAL, failed to warn Plaintiff of the aforementioned condition and the risk involved in as much as the presence was known or reasonably foreseeable.

17. Plaintiff neither knew nor should had known of said dangerous conditions and risk and Plaintiff exercised reasonable care.

18. Defendant, CARNIVAL, failed to provide a mode of operation, policy or procedure to properly train it's employees and supervise same in safe guarding it's vessel from this foreseeable and known hazard.

19. Defendant, CARNIVAL, employees, servants, and agents all acted in the course and scope of their employment herein.

20. As a result of the Defendant, CARNIVAL, failure to maintain said common area in a reasonably safe condition, Plaintiff was severely and permanently injured.

## DAMAGES

21. As a direct and proximate result of the negligence by Defendant, CARNIVAL, Plaintiff, PETER LEONHARDT, sustained personal injuries. Defendant, CARNIVAL, is labile for all of the Plaintiff, PETER LEONHARDT'S damages as follows:

    A) Bodily injuries end resulting pain and suffering;

    B) Disability;

    C) Disfigurement;

    D) Mental anguish;

    E) Loss of capacity for the enjoyment of life;

    F) Expensive hospitalization, medical and nursing care and treatment;

    G) And/or loss of earnings or loss a ability to earn money. The losses or either permanent or continuing and Plaintiff, PETER LEONHARDT, will suffer the losses in the future. These damages were the direct and proximate result of the negligence of Defendant, CARNIVAL.

WHEREFORE, Plaintiff, PETER LEONHARDT, demands judgment for damages and all costs of said proceedings against Defendant, CARNIVAL CORPORATION, a Panamanian Corporation, doing business in Florida as CARNIVAL CRUISE LINE, in a trial by jury of all issues triable as a right by jury.

                                                s/ GARY T. LAZARUS
                                                Gary T. Lazarus (Florida Bar Number 0879797)
                                                gary@lazaruslaw.us
                                                LAW OFFICES OF LAZARUS & LAZARUS, P.A.
                                                2225 N Commerce Parkway, Suite 8
                                                Weston, Florida 33326
                                                Telephone: (954) 356-0006
                                                Facsimile: (954) 356-0430
                                                Attorneys for Plaintiff PETER LEONHARDT